IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOHN A. MELLQUIST,**
**D.O.C. #S39846,**

    **Plaintiff,**

vs.                                    Case No. 4:23cv45-MW-MAF

**RICKY DIXON, SECRETARY,**
**FLORIDA DEPARTMENT OF**
**CORRECTIONS,**
**CHAPLAIN A. MESSER, SR., and**
**ASSISTANT CHAPLAIN PREVATT,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

An Order was entered in April 2023, directing Plaintiff to file a third amended complaint. ECF No. 12. Plaintiff was warned that the number of opportunities to submit an amended complaint were not unlimited. *Id.*

Plaintiff is an inmate proceeding pro se and he was granted in forma pauperis status in March 2023. ECF No. 10. Plaintiff has now filed his third amended complaint ["complaint"], ECF No. 19, along with three motions, ECF Nos. 15-17, and a statement of jurisdiction, ECF No. 18. No

action is necessary on Plaintiff's statement and "basis for invoking jurisdiction." All have been reviewed.

Plaintiff also filed directions to the Clerk which includes a "motion to supplement discovery exhibits." ECF No. 15. Plaintiff's request for relief in his "motion" is unclear. Therefore, the motion should be denied.

Plaintiff also filed a "motion to consolidate." ECF No. 17. It appears that Plaintiff is requesting the Court consolidate his "motion for preliminary injunction dated 1/17/23" with a new motion for temporary restraining order. *Id.* Plaintiff's motion for restraining order, ECF No. 16, has been filed along with the third amended complaint. The motion to consolidate should be denied for two reasons. First, judicial economy is better served when all relevant information is provided in one document, not two. Second, because Plaintiff has not previously filed a motion for preliminary injunction in January, there is nothing to consolidate.

Plaintiff's inability to present a comprehensible complaint during this litigation has raised concern. *See* ECF Nos. 10, 12. Coupled with the nature of Plaintiff's recent motions, Plaintiff's litigation history has been reviewed.

In his third amended complaint,[1] Plaintiff states that he has not had any case in federal court "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." ECF No. 19 at 11. Plaintiff also listed only two prior cases filed in federal Court, indicating one was dismissed because it "did not qualify for abstention" (case number 8:13cv2939, M.D. of Florida). *Id.* at 13. The second federal case Plaintiff listed is a pending habeas case, case number 8:21cv170, also filed in the Middle District of Florida. *Id.*

The Court has confirmed that the habeas case, 8:21cv170, was filed on January 22, 2021, and is currently pending. However, case number 8:13cv2939 was not dismissed for the reason asserted by Plaintiff. Judicial notice is taken of the order of dismissal and Report and Recommendation entered in that case. The Report and Recommendation makes clear that Plaintiff's first amended complaint was dismissed, among other reasons, based on the Younger abstention doctrine. ECF No. 42 of that case. However, Plaintiff was given leave to file a second amended complaint, which he did. United States Magistrate Judge Thomas G. Wilson found

---

[1] Plaintiff's first amended complaint, ECF No. 6 at 10-13, and his second amended complaint, ECF No. 11 at 12-15, presented the same information as to Plaintiff's litigation history.

Case No. 4:23cv45-MW-MAF

that the second amended complaint was "grossly deficient and incomprehensible" and recommended dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  ECF No. 42 at 2 of case # 8:13cv2939.  That recommendation was adopted by United States District Judge James S. Moody, Jr., on June 23, 2014.  ECF No. 43 of that case.  Plaintiff's case was dismissed without any further leave to amend.  *Id.*  That dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

In addition, Plaintiff filed an appeal of that dismissal.  The Eleventh Circuit Court of Appeal dismissed Plaintiff's appeal as frivolous on March 24, 2015.  ECF No. 53 of case # 8:13cv2939.  That dismissal also counts as a "strike" under § 1915(g).

Plaintiff did not disclose that he had any strikes.  ECF No. 19.  Moreover, Plaintiff did not disclose that he previously filed two other cases in the Middle District of Florida.  The Court has confirmed that Plaintiff John Mellquist, D.O.C. # 539846, also filed case number 8:05cv00479 in the Middle District of Florida.  The case was filed on March 11, 2005, and immediately dismissed on March 14, 2005, for lack of subject matter jurisdiction.  ECF No. 3 of that case.

More importantly, Plaintiff did not disclose that he filed case number 8:06cv00408 in the Middle District of Florida on March 10, 2006. United States District Judge Richard A. Lazzara dismissed the case on March 15, 2006, pursuant to § 1915(e)(2)(B)(ii) because the complaint failed to state a claim upon which relief may be granted. ECF No. 5 of that case. Plaintiff again filed an appeal, and once again, the Eleventh Circuit dismissed the appeal as frivolous on July 5, 2006. ECF No. 12 of case # 8:06cv00408. Those two dismissal count as two more "strikes" under 28 U.S.C. § 1915(g).

Plaintiff John Mellquist has not honestly disclosed his litigation history. Furthermore, he was not entitled to proceed with in forma pauperis status in this case because he has never alleged that he was in imminent danger of serious physical injury. In general, Plaintiff has made vague allegations concerning the denial of a religious diet. *See* ECF No. 6 at 5; ECF No. 11 at 5-9. He has not alleged imminent danger.

An inmate with three or more strikes is not entitled to proceed with in forma pauperis status unless his complaint presents factual allegations which show that the prisoner is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As noted above, Plaintiff has failed to present

any allegations of imminent danger. Thus, Plaintiff should not have been granted in forma pauperis status.

It is recommended that this case be dismissed for abuse of the judicial process because Plaintiff has at least four "strikes" which he failed to disclose, and he did not honestly disclose his full litigation history. This case should be dismissed without prejudice. Plaintiff should re-file this case if he desires to litigate his claim concerning the denial of his religious diet. If Plaintiff decides to do so, he must submit payment of the Court's filing fee at the time of initiation.[2]

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's abuse of the judicial process because Plaintiff was not entitled to be granted in forma pauperis status. It is further **RECOMMENDED** that all pending motions, ECF Nos. 15-17, be **DENIED**, and the Order adopting this Report and Recommendation direct the Clerk

---

[2] Pursuant to Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002), an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit. A "prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

Case No. 4:23cv45-MW-MAF

of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 5, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.